D.S. MAGAZINES, INC., Plaintiff,

v.

**WARNER PUBLISHER SERVICES, INC., Defendant.**

No. 85 Civ. 1877 (EW).

United States District Court,
S.D. New York.

Dec. 19, 1985.

Michael F. Dennis, Mineola, N.Y., for plaintiff.

Weil, Gotshal & Manges (R. Peyton Gibson, of counsel), New York City, for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff D.S. Magazines moves to compel a nonparty witness to answer questions posed during a deposition, to impose sanctions on defendant Warner Publisher Services ("Warner") and its counsel, and for an order disqualifying Weil Gotshal & Manges from representing Warner.

On November 25 and 27, 1985, D.S. took the oral deposition of Mary McGrath, a former employee of Warner who was the account executive handling D.S.'s account with Warner. During the deposition, McGrath testified that she had retained defendant's counsel to help her prepare for the deposition. McGrath, asserting the attorney-client privilege, refused to answer questions asked of her about the contents of her discussions with counsel in preparation for the deposition.

D.S. contends either there is no attorney-client relationship between McGrath and Weil Gotshal or, if there is one, Weil Gotshal should be disqualified from representing Warner on the ground of conflict of interest.

■ There is no merit to D.S.'s contention that the attorney-client privilege does not exist between McGrath and Weil Gotshal. McGrath testified that she retained Weil Gotshal as her attorney for the deposition and there is no evidence to the contrary.

■ Our Court of Appeals has made clear that because attorney disqualification has a serious impact on a client's right to choose his counsel, such motions "ordinarily should be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint."[1] This is not a case, like *T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.*,[2] in which an attorney is representing one client in an adverse proceeding against a former client. Here, one law firm is representing the defendant and a former employee, non-party witness in the same action.

Warner, the defendant, has consented to its counsel's representation of McGrath. McGrath has not only consented to, but has sought, representation by her former employer's counsel. There is no indication that the interests of McGrath and Warner are adverse or will become adverse. There is almost no likelihood that Warner and McGrath will be opposing litigants with respect to the subject matter of this litigation.[3]

Moreover, regardless of the applicability of the attorney-client privilege, the contents of McGrath's conversations with Weil Gotshal are irrelevant to the issues in this case.

Plaintiff's motion is denied in all respects.

So ordered.

---

**1.** *Glueck v. Jonathan Logan, Inc.,* 653 F.2d 746, 748 (2d Cir.1981); *see also Board of Educ. v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir.1979).

**2.** 113 F.Supp. 265 (S.D.N.Y.1953).

**3.** *See United States v. Occidental Petroleum Corp.,* 606 F.Supp. 1470, 1474 (W.D.N.Y.1985). *Cf. In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation,* 658 F.2d 1355 (9th Cir.1981).